LAWRENCE C. HERSH
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE PISTONE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| CAPITAL MANAGEMENT SERVICES, LP, | |
| Defendant. | |

Plaintiff RENEE PISTONE, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant CAPITAL MANAGEMENT SERVICES, LP, ("Defendant"), the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair

Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief CAPITAL MANAGEMENT SERVICES, LP is a debt collector with a street address of 698 1/2 South Ogden Street, Buffalo, NY 14206-2317.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A**), except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to April 16, 2020, Plaintiff allegedly incurred a financial obligation to Department Stores National Bank ("DSNB") related to a consumer credit card debt ("the Debt").

15. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. DSNB is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to April 16, 2020, the DSNB Debt obligation became past due with a balance of $998.77.

19. At some point prior to April 16, 2020, the Debt was referred for collection by DSNB to Defendant.

20. At the time the DSNB was placed with Defendant, the balance was past due.

21. On or about April 16, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt seeking to collect $998.77. See, attached Exhibit A.

22. The Collection Letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

23. The Collection Letter was sent in connection with the collection of the DSNB obligation.

24. The Collection Letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25. The Collection Letter was the first written communication by Defendant to Plaintiff with respect to the Debt.

26. The Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. 15 U.S.C. § 1692g(a)(2) requires that the Collection Letter identify the name of the current creditor.

29. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

31. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

32. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt

collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

34. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly and effectively.

35. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

36. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

37. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

38. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his or her rights.

39. The Collection Letter included the following statement ("The Statement"):

> You may contact Capital Management Services, LP at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. Please submit your payment and make your check or money order payable to DSNB to the address listed below. Payments and correspondence should be mailed to: Capital Management Payment Services, LP, P.O. Box 120, Buffalo, NY 14220-0120. Overnight deliveries should be addressed to Capital Management Services, LP, 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. You may also make payments online at: www.cms-trans.com.

40. The Statement contains two different addresses for the consumer to contact Defendant at: one is a street address and the other is a P.O. Box.

41. In reading the Collection Letter, the least sophisticated consumer would not know which of the two addresses to use in order to dispute the Debt, since one address indicates it is to be used for contacting Defendant and the other address is to be used for correspondence and payments with Defendant.

42. The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which of the two addresses the debt dispute letter should be sent.

43. The least sophisticated consumer may also believe that he or she would have to send two separate letters, one to each address, in order to dispute the Debt, and decide that it is too burdensome to send two separate letters and decide not to seek validation.

44. The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

45. As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

46. In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

47. Additionally, the top of the Collection Letter identifies the original Creditor and the Current Creditor as: "(DSNB) DEPARTMENT STORES NATIONAL BANK".

48. The top of the Collection Letter also states: "Description: MACY'S".

49. Based upon this language, the least sophisticated consumer would not know what the relationship is between, "(DSNB) DEPARTMENT STORES NATIONAL BANK" and MACY'S.

50. The first sentence of the Collection Letter states, "This company has been engaged to resolve your delinquent MACY's debt of $998.77."

51. The least sophisticated consumer would be confused as to whether the current creditor is DSNB or MACY's.

52. Furthermore, the least sophisticated consumer would be confused as to who Defendant is working for since the Collection Letter fails to indicate who Defendant is working on behalf of: Macy's, DSNB or someone else.

53. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

54. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

55. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

56. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

57. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

58. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

59. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

60. It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

61. On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

62. Plaintiff repeats the allegations contained in paragraphs 1 through 61 as if the same were set forth at length.

63. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

64. Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

   A. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

   B. 15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

   C. 15 U.S.C. §1692g(a), by effectively failing to provide the debt verification rights notice;

    D.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
        April 15, 2021

                              Respectfully submitted,

                              By: s/ Lawrence C. Hersh
                                Lawrence C. Hersh, Esq.
                                17 Sylvan Street, Suite 102B

                                            Rutherford, NJ  07070
                                            (201) 507-6300
                                            *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 15, 2021                 By: s/ Lawrence C. Hersh
                                                   Lawrence C. Hersh, Esq.

EXHIBIT A

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-211-9175, Fax: 716-512-6046
Toll Free TTY Line: 1-800-457-8568

Reference# 107178741

Original Creditor: (DSNB) DEPARTMENT STORES NATIONAL BANK
Current Creditor: (DSNB) DEPARTMENT STORES NATIONAL BANK
Description: MACY'S
Account #: XXXXXXXXXXXX1831
AMOUNT ENCLOSED: _____
Amount of Debt: $998.77

74 T1  P1******AUTO**MIXED AADC 140
Renee A Pistone

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

Dear Renee A Pistone:

April 16, 2020

This company has been engaged to resolve your delinquent MACY'S debt of $998.77.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. Please submit your payment and make your check or money order payable to DSNB to the address listed below. Payments and correspondence should be mailed to: Capital Management Services, LP, P.O. Box 120, Buffalo, NY 14220-0120. Overnight deliveries should be addressed to: Capital Management Services, LP., 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

74/G+

Capman-122733.let  166480 * 01-DEPARTMENT STORES NATIONAL BANT 7025